## Papajian, Appellant, *v.* Scott.

*Broker—Real estate broker—Commissions—Contract—Modification—Question of fact—Conflicting testimony—Case for jury.*

In an action to recover commissions for sale of real estate where it appears that the commissions were to be paid as certain installments of the purchase money were received, the case is for the jury, where the evidence although contradicted tends to show that after certain installments had been paid, the original contract between the seller and the purchaser had not been abrogated, but had been modified and in the modified form had been executed.

Argued Oct. 9, 1908. Appeal, No. 13, Oct. T., 1908, by plaintiff, from judgment of C. P. No. 5, Phila. Co., June T., 1906, No. 984, on verdict for defendant in case of Martin H. Papajian v. John H. Scott. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Assumpsit to recover commissions on sale of real estate. Before RALSTON, J.

The facts are stated in the opinion of the Superior Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant.  Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Paul Reilly*, for appellant.

*George Bradford Carr*, for appellee.

OPINION BY PORTER, J., December 7, 1908:

The plaintiff seeks to recover upon a written contract, executed by E. V. Brennan as manager for the defendant, covenanting to pay to the plaintiff the sum of $450, to be paid as one Dominico Ditaro should make payments on a certain contract for the purchase of land from the defendant, one-half of the amounts so received to be paid to the plaintiff, until he had received the sum specified.  The contract sued upon contained a provision that if Ditaro should discontinue the said contract for the purchase of the land nothing more was to become due to Papajian.  At the trial in the court below, after the parties had produced their evidence, the learned judge gave binding instructions in favor of the defendant, and the plaintiff appeals.

The evidence produced at the trial in the court below established that Brennan, as manager for the defendant, had entered into the agreement to pay the plaintiff the sum stated as compensation for his services in assisting to effect the sale of certain lots to Ditaro.  The agreement upon which the plaintiff founds his action was dated July 26, 1905, the same day upon which the written contract for the sale of the lots to Ditaro bore date. The plaintiff on that day received from Brennan the sum of $30.00 on account of the agreement, being one-half the cash payment made by Ditaro.  The testimony at the trial disclosed a dispute between the parties as to two material facts.  First, did Brennan have authority to bind the defendant by the agreement upon which the plaintiff relies?  Second, was the agreement for the sale of the lots to Ditaro discontinued by the parties to that contract?

VOL. XXXVII—36

The plaintiff testified that he had been employed as a salesman by Scott, the defendant, who was a licensed real estate broker, and that he was compensated for his services by the payment of a commission on such sales as he had effected; that the defendant had repeatedly told him that Brennan understood everything, and that he was the sole manager of the sales. He testified that the agreement in question had been submitted to the defendant on the same day that it was executed and that the defendant had authorized Brennan to sign it. This testimony was, it is true, contradicted, but it was sufficient to carry the question of Brennan's authority to the jury.

The written contract for the sale of the lots to Ditaro provided for the payment of a consideration of $1,800, of which amount $60.00 was paid at the execution of the agreement and the balance was to be paid in monthly installments of $10.00 each. The plaintiff testified that a short time after this contract was executed he carried on negotiations between the defendant and Ditaro, with a view to the making of a larger cash payment by Ditaro and the closing of the transaction by the execution of a deed and mortgage; that the defendant had signified his willingness to execute a deed upon the payment of $300 in cash and the execution of a mortgage for the balance of the purchase money, and that after some delay Ditaro had agreed to these terms, and that he, the plaintiff, had notified the defendant of this fact, early in October. The defendant produced evidence strongly contradictory of all this, and tending to establish that the original contract for the sale of the property to Ditaro had been abandoned by mutual consent prior to October. The agreement for the sale of the property to Ditaro contained a covenant that it should be binding upon the parties, their heirs and assigns. On October 16, the defendant and Henry J. Scott executed deeds conveying the lots to William J. Flynn, who two days afterwards executed two deeds conveying the lots to Ditaro, and Ditaro on the latter date, October 18, executed two mortgages, aggregating $1,500, to the defendant and Henry J. Scott. Ditaro testified that he had never seen Flynn and had no negotiations with him; that he paid the $240, required to make up the total cash payment of $300, to Brennan,

the agent of the defendant. These facts, taken in connection with the testimony of the plaintiff, were sufficient to sustain a finding that the original agreement for the sale of the property to Ditaro had by mutual agreement been modified, as to the terms of payment, but had, as modified, been carried into effect. The question whether the original agreement had been discontinued and a new and distinct contract of sale been entered into was, therefore, for the jury. The weight of the evidence upon these disputed questions may have been decidedly against the plaintiff, but the evidence in support of the contention of the plaintiff amounted to more than a scintilla, and the court below fell into error in giving binding instructions in favor of the defendant.

The judgment is reversed and a venire facias de novo awarded.