## Papajian *v.* Scott, Appellant.

*Principal and agent—Authority of agent—Ratification—Contract.*

1. A principal who ratifies the act of his agent, which had been done without prior express grant of authority, by such ratification makes the contract his own.

*Broker—Real estate broker—Commissions—Contract—Modification—Question of fact—Conflicting testimony—Case for jury.*

2. In an action to recover commissions for sale of real estate where it appears that the commissions were to be paid as certain installments of the purchase money were received, the case is for the jury, where the evidence although contradicted tends to show that after certain installments had been paid, the original contract between the seller and the purchaser had not been abrogated, but had been modified and in the modified form had been executed.

Submitted Dec. 19, 1910.   Appeal, No. 99, Oct. T., 1910, by defendant, from judgment of C. P. No. 5, Phila. Co., June T., 1906, No. 984, on verdict for plaintiff in case of Martin H. Papajian v. John H. Scott.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Assumpsit to recover commissions on the sale of real estate.   Before STAAKE, J.

The facts appear in the former report of the case in 37 Pa. Superior Ct. 560.

Verdict and judgment for plaintiff.   Defendant appealed.

*Error assigned* amongst others was refusal of binding instructions for defendant.

*Henry J. Scott* and *Forrester H. Scott,* for appellant.

*Paul Reilly,* for appellee.

OPINION BY PORTER, J., July 13, 1911:

The facts in this case are sufficiently stated in the opin-

ion filed in a former appeal in this same proceeding, reported in 37 Pa. Superior Ct. 560. The material facts which were contested at the trial in the court below were: (1) Did E. V. Brennan have authority, as agent, to bind the defendant by the agreement upon which the plaintiff relies, and (2) was the agreement, for procuring which plaintiff claims commissions, for the sale of the lots to Ditoro abrogated by the parties to that contract, or merely modified and, as modified, carried into effect? We held in that appeal that the evidence presented entitled the plaintiff to go to the jury upon those questions. The evidence at the trial, from the result of which we have the present appeal, did not differ, upon these material questions, from that which had been produced at the former trial, and we can discover no reason for holding that our former conclusion was incorrect. The action of the court in refusing binding instructions in favor of the defendant and in overruling his motion for judgment non obstante veredicto was free from error, and the first and second specifications of error are overruled. That a principal who ratifies the act of his agent, which had been done without prior express grant of authority, by such ratification makes the contract his own, is a principle too well settled to require citation of authority, and the third specification is without merit.

The original agreement for the sale of the lots to Ditoro provided for the payment of the purchase money, aggregating $1,800, in monthly installments of $10.00 each, which would necessarily have extended over a number of years. The finding of the jury determines that this provision was modified and, as modified, fully executed. The defendant, for some reason which must have been satisfactory to him, executed a deed to one W. J. Flinn who subsequently executed a deed to Ditoro. Under the provisions of the original agreement the defendant would not have been required to convey to Ditoro for many years in the future, but when the parties modified that agreement and the deeds mentioned were executed in October,

1905, they superseded the original agreement, the whole purpose of which was thus satisfied. The deed from Scott to Flinn purported to have been made for the full consideration of $1,800, and that deed was accompanied by a receipt in full for the purchase money. This was sufficient to carry to the jury the question of whether the purchase money had been paid. The fourth, fifth, sixth and seventh specifications of error are overruled.

The judgment is affirmed.